**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING (SEA)**

| | |
|---|---|
| MATTHEW FRIEDMAN, an individual<br><br>                 Plaintiff,<br><br>   v.<br><br>HORIZON AIR INDUSTRIES, INC., a Washington Company,<br><br>                 Defendant. | **Case No.** _____ **SEA**<br><br>**COMPLAINT FOR DAMAGES** |

Plaintiff Matthew Friedman ("Friedman" or "Plaintiff"), by and through his undersigned attorneys of record, Vera P. Fomina, Damien N. Villareal, and Clive A. Pontusson of Skidmore | Fomina, PLLC, alleges as follows:

### I.    PARTIES

1.1    Plaintiff Matthew Friedman is a citizen of the United States and an individual residing in Suffolk County, Massachusetts.

1.2    Defendant Horizon Airlines ("Horizon" or "Defendant") is incorporated under the laws of the State of Washington and has its principal offices in King County, Washington, and transacts business in King County, Washington.

1.3     At all times relevant, Defendant was Plaintiff's employer pursuant to the Washington Law Against Discrimination, RCW 49.60.030(11) and Title VII of the Civil Rights Act of 1964.

## II. JURISDICTION AND VENUE

2.1     This Court has jurisdiction over the parties because all parties are believed to have resided and/or transacted business in King County, Washington.

2.2     This Court has jurisdiction over the subject matter of this lawsuit action pursuant to RCW 49.60.030.

2.3     Venue is proper under RCW 4.12.025(1) because Defendant resides in King County by being incorporated in King County, Washington and by transacting business in King County, Washington.

2.4     Plaintiff filed a charge of discrimination (Charge No. 551-2020-02423) with the U.S. Equal Employment Opportunity Commission on May 20, 2020.

2.5     On December 23, 2020, Plaintiff received notice from the Equal Employment Opportunity Commission that the Commission was terminating its processing of the charge and that the Plaintiff had a right to pursue private action under Title VII.

## III. FACTUAL ALLEGATIONS

3.1     Defendant Horizon Airlines hired Plaintiff to work as an Aircraft Maintenance Technician on or about December 2, 2019.

3.2     Plaintiff identifies as gay.

3.3     At all times relevant, Plaintiff's supervisor was Jay Smith.

3.4     Plaintiff was initially assigned to Chuck Clum to be his On the Job Trainer.

3.5     Also assigned to Mr. Clum was another new hire, Michael Johnson.

3.6 Mr. Clum would repeatedly make homophobic comments to the Plaintiff, such as "faggots are stupid."

3.7 Mr. Clum was slow to approve Plaintiff's training evaluations and did not explain reasons for this delay.

3.8 In or about February 2020, Plaintiff returned from a bathroom break and found graphic homosexual pornography as his new computer screen background.

3.9 A coworker informed Plaintiff that Mr. Clum had put the image there.

3.10 Plaintiff confronted Mr. Clum about the image but Mr. Clum denied any involvement.

3.11 Over the next several months, Plaintiff would find homosexual pornography on his computer.

3.12 On or about February 18, 2020, while at work Plaintiff discovered male genitalia drawn in the frost on his car's windshield.

3.13 On or about February 27, 2020, Plaintiff found that multiple copies of images of male genitalia had been placed in his personal toolbox and tool bag.

3.14 Plaintiff's coworker John Klehr informed Plaintiff that Mr. Johnson had drawn the images.

3.15 In or about February 2020, several of Plaintiff's coworkers asked Plaintiff what type of pornography he watched and what type of sex acts he enjoyed. Plaintiff asked his coworkers to stop asking him these questions, but they did not.

3.16 In or about late February or early March 2020, Plaintiff was having a conversation with a Customer Service employee named Paydon. Following this conversation Plaintiff was approached by Mr. Johnson and another employee, Ryan Nelson, who mocked Paydon for his perceived homosexuality and asked the Plaintiff if he liked Paydon sexually and if Paydon was his sexual type.

3.17    On or about March 16, 2020, Plaintiff discovered that someone had put up several "wanted" posters with an image of the Plaintiff in several shared workspaces.

3.18    In or about mid-March Mr. Johnson mentioned in conversation that he was considering shaving his head. When Plaintiff replied that he was thinking of shaving his head as well, Mr. Johnson replied by asking "Do you have a thing for bald men with beards? Is that your fetish? Does that turn you on?"

3.19    On or about March 22, 2020, Plaintiff was violently accosted by a co-worker, Micah Chambers, who falsely accused Plaintiff of invading his privacy and threatened to kill him.

3.20    Plaintiff was regarded by his coworkers as gay.

3.21    On or about March 23, 2020, Plaintiff emailed the Defendant's director of Human Resources detailing the several incidences of harassment and discrimination he had been subjected to.  Plaintiff was contacted by Senior Human Resources Business Partner Annie McKenzie who stated that his complaints would be investigated.

3.22    On March 23, 2020, Mr. Johnson sent Plaintiff a string of text messages consisting of threats that he was going to file a complaint against the Plaintiff, "fuck you up" and that Plaintiff was going to be "in a lot of trouble."

3.23    On or about March 24, 2020, Plaintiff reported this further harassment to his supervisor Mr. Smith. Mr. Smith expressed frustration with Plaintiff for "going above his head" and there would be repercussions to Plaintiff's complaints.  Mr. Smith told Plaintiff to direct any further complaints to him, not to HR.

3.24    On or about March 31, 2020, Plaintiff sent a follow-up email to Ms. McKenzie requesting an update regarding the investigation of his complaints, but Plaintiff did not receive a response.

3.25    On or about April 6, 2020, Plaintiff made a second complaint about containing harassment to the Defendant's Human Resources department.

COMPLAINT FOR DAMAGES - 4

Skidmore | Fomina, PLLC
1001 Fourth Avenue, Suite 4400
Seattle, WA  98154
Telephone: (206) 389-1690

3.26 On or about April 7, 2020, Plaintiff's new OJT Trainer Bryan Frank informed Plaintiff that he had been instructed by Mr. Smith to evaluate Plaintiff based on old evaluations.

3.27 This resulted in a lower performance rating for Plaintiff.

3.28 On or about April 8, 2020, Mr. Nelson asked the Plaintiff why he did not like pornography. When the Plaintiff responded that he was Catholic, Mr. Nelson responded that all Catholics were pedophiles who molest their children, and that Catholics are stupid.

3.29 On or about April 13, 2020, in a discussion of online dating programs, Mr. Nelson stated that the Plaintiff "did not like women" and then began to laugh.

3.30 On or about April 15, 2020, Plaintiff again wrote to Ms. McKenzie informing her of continued harassment and threats and asking her for help.

3.31 Ms. McKenzie simply stated that she would investigate the matter further.

3.32 On April 22, 2020, Plaintiff was interviewed by Defendant's representatives related to the incident on March 22, wherein Mr. Chambers had threatened the Plaintiff with violence.

3.33 On April 28, 2020, the Plaintiff's employment was terminated by the Defendant.

## IV. CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**Gender Discrimination**
**RCW 49.60 et seq., Title VII, 42 U.S.C. § 2000e et seq.**

4.1 Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

4.2 Plaintiff's sexuality was a repeated subject of questioning and unwelcome harassment by his coworkers.

4.3 Plaintiff's coworkers insulted, belittled, and harassed him because of their perceptions of his sexual orientation and their perceptions of his gender and because of his gender expression.

4.4     This repeated harassment effected the terms and conditions of Plaintiff's employment.

4.5     Plaintiff complained about his work environment to the Defendant.

4.6     Rather than take affirmative steps to address the Plaintiff's hostile work environment, Defendant terminated Plaintiff's employment.

4.7     As a result of Defendant's discriminatory adverse actions, Plaintiff has suffered significant economic and non-economic damages in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**
**Sexual Orientation Discrimination**
**RCW 49.60 et seq., Title VII, 42 U.S.C. § 2000e et seq.**

4.8     Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

4.9     Plaintiff's sexuality was a repeated subject of questioning and unwelcome harassment by his coworkers.

4.10    Plaintiff's coworkers insulted, belittled, and harassed him because of their perceptions of his sexual orientation and their perceptions of his gender and because of his gender expression.

4.11    This repeated harassment effected the terms and conditions of Plaintiff's employment.

4.12    Plaintiff complained about his work environment to the Defendant.

4.13    Rather than take affirmative steps to address the Plaintiff's hostile work environment, Defendant terminated Plaintiff's employment.

4.14    As a result of Defendant's discriminatory adverse actions, Plaintiff has suffered significant economic and non-economic damages in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**
**Religious Discrimination**
**RCW 49.60, et seq.**

4.15    Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

4.16    Plaintiff is a practicing Catholic and made this known to his employer and his coworkers.

4.17    Plaintiff was repeatedly harassed by coworkers because of his Catholic faith.

4.18    This repeated harassment effected the terms and conditions of Plaintiff's employment.

4.19    Plaintiff complained about his work environment to the Defendant.

4.20    Defendant did not take any affirmative steps to address the Plaintiff's hostile work environment.

4.21    As a result of Defendant's discriminatory adverse action, Plaintiff has suffered significant economic and non-economic damages in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**
**Retaliation**
**RCW 49.60.210(1) and  Title VII, 42 U.S.C. § 2000e et seq.**

4.22    Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

4.23    Plaintiff made repeated complaints to Defendant concerning the harassment and discrimination he was facing in the workplace.

4.24    Plaintiff's complaints were a substantial factor in Defendant's decision to terminate Plaintiff's employment.

COMPLAINT FOR DAMAGES - 7

SKIDMORE | FOMINA, PLLC
1001 Fourth Avenue, Suite 4400
Seattle, WA  98154
Telephone: (206) 389-1690

4.25     Defendant's actions and/or omissions constitute employment retaliation in violation of the Washington Law Against Discrimination, RCW 49.60.210 and Title VII of the Civil Rights Act of 1964.

4.26     As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**
**Wrongful Termination**

4.27     Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

4.28     There is a clear and strong public policy in Washington State for employees to report activities forbidden by the Washington Law Against Discrimination, RCW 49.60 et seq.

4.29     Plaintiff's complaints of discrimination and retaliation were a motivating factor in Defendants' decision to terminate Plaintiff's employment.

4.30     Any purported reason for termination by Defendants is mere pretext and Plaintiff's protected conduct was nevertheless a motivating factor in his termination.

4.31     As a direct and proximate cause of Defendants' actions, Plaintiff has suffered severe economic and non-economic damages, all in amounts to be proven at trial.

**FIFTH CAUSE OF ACTION**
**Negligent Supervision and/or Retention**

4.32     Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

4.33     As Plaintiff's employer, Defendant owed duties to Plaintiff, including but not limited to: (1) the duty to not employ or retain employees they know or should know to be unfit or dangerous; (2) the duty to exercise care appropriate to the circumstances in supervising and/or

retaining employees; and (3) the duty to exercise due diligence to determine whether an employee is or has become unfit or dangerous.

4.34 Defendant failed to exercise care appropriate to the circumstances in retaining employees who subjected Plaintiff to the foregoing claims.

4.35 Defendant had actual or constructive notice and knowledge of Chambers', Smith's, and Johnson's unfitness.

4.36 Despite such knowledge, Defendant failed to act to prevent, supervise, monitor, review, evaluate, control, regulate, discipline, and/or penalize such conduct, acts, and failures to act or to otherwise protect Plaintiff.

4.37 As a direct and proximate cause of Defendant's actions, Plaintiff has suffered economic and non-economic damages, all in amounts to be proven at trial.

## V.   JURY DEMAND

5.1 Plaintiff requests a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays judgment in his favor and for relief as follows:

6.1 Economic damages for unpaid and lost wages, including back pay, front pay, lost benefits, and medical expenses all in an amount to be proven at trial;

6.2 Damages for actual, consequential, and incidental damages as alleged herein or as proven at trial;

6.3 Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation;

6.4 Prejudgment and post-judgment interest in an amount to be proven at trial including interest on all unpaid wage amounts at a rate of 12% per annum;

6.5 Compensation for any tax penalty associated with a recovery;

6.6 Reasonable attorneys' fees and costs pursuant to RCW 49.60.030(2), and as otherwise allowed by any other statute or claim alleged herein, along with reasonable expert witness fees and other fees and costs incurred in prosecuting this action in an amount to be proven at trial.

6.7 Any other relief this Court shall deem just and equitable.

DATED: January 8, 2021.

*/s/ Vera Fomina*

Vera P. Fomina, WSBA #49388
Damien N. Villarreal, WSBA#50708
Clive Pontusson, WSBA #53570
*Attorneys for Plaintiff*